IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **CAROLYN MORROW, as duly appointed guardian ad litem for C.L.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MOUNTAINLANDS COMMUNITY HEALTH CENTER, INC., et. al.,**<br><br>**Defendants.** | **RULING & ORDER**<br><br>Case No. 2:11-cv-00029<br><br>Magistrate Judge Dustin B. Pead |

Currently pending before the Court is Defendants' Joint Motion For Summary Judgment (Document Number 57). The parties have consented to jurisdiction by a Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Document Number 15).

## Background

In July of 2010, Plaintiff Carolyn Morrow[1] ("Plaintiff") filed her Amended Complaint and Jury Demand in the Fourth District Court, State of Utah (Document Number 2-1).[2] The

---

[1]On December 9, 2011, Plaintiffs Julian Luna and Irma Garcia moved for an Order appointing Carolyn Marrow as guardian ad litem for their minor child, C.L. The motion was made based on the fact that at the time the lawsuit was filed Plaintiffs and C.L. were residents of Utah County. Since that time, however, Plaintiffs have been deported to Mexico where they now reside with C.L. (Document Number 25). On December 15, 2011, the Court granted Plaintiffs' motion and substituted Carolyn Marrow as the party in interest in the lawsuit "to act for and on behalf of and to serve as guardian ad litem of C.L., in this lawsuit." (Document Number 27).

[2]Plaintiff's Complaint was originally filed in the Fourth District Court, State of Utah. The case was later removed to the federal court on the grounds that at the time of the allegations Defendant George Delaney was acting employed by Mountainlands Community Health Center which was eligible for coverage under the Federal Tort Claims Act. Accordingly, pursuant to 28 U.S.C. § 2679(b), the United States was thereby substituted as the proper defendant (Document Number 2).

Amended Complaint alleges that on July 16, 2008, healthcare providers at Moutainlands Community Health Center, IHC Health Services, Inc., dba Utah Valley Regional Medical Center, George R. Delaney, M.D., Intermountain Health Care, and Kent R. Gamette, M.D. (collectively "Defendants") negligently managed the prenatal care, labor and delivery of C.L. "resulting in C.L. suffering a fractured humerus, a right brachial plexis palsy, as well as other orthopedic and neurological injuries."  (Document Number 2-1 ¶¶ 10, 12).

The original Scheduling Order in the case was entered on February 25, 2011 (Document Number 19).  Thereafter, at the request of Plaintiff, a stipulated motion was filed with the Court requesting an extension of the discovery deadlines (Document Number 38).  The Court granted the motion for extension of the discovery deadlines on March 30, 2012 (Document Number 29).  Thereafter, on September 13, 2012, Defendants filed a stipulated motion to again extend the discovery deadlines (Document Number 49).  The Court granted the second motion for extension and amendment of the Scheduling Order on September 25, 2012 (Document Number 50).  Under the second amended Scheduling Order, Plaintiff was required to submit her expert identifications by October 31, 2012 and expert reports by November 31, 2012.  *Id.*

On November 2, 2012, Plaintiff filed her expert witness designations and listed four medical professionals who would provide testimony on the standard of care, breach and causation.[3]  Plaintiff failed, however, to produce her expert reports by November 31, 2012. Furthermore, as of this date, no expert reports have been provided and Plaintiff has not filed a request to amend the Scheduling Order in order to do so (Document Number 57).  On January 4, 2013, Defendants filed their currently pending joint Motion for Summary Judgment (Document

---

[3]Plaintiff's filing of her expert witness designations was two days after the October 31, 2012, cut-off date set forth in the second amended Scheduling Order (Document Number 50).

Number 57). The basis for the motion is Plaintiff's failure to present an expert report on which the Court or jury could base a finding of negligence. Plaintiff has not filed an opposition to Defendants' motion.

**Analysis**

Under Utah law, the Plaintiff in a medical negligence case must establish "(1) the standard of care by which the doctor's conduct is to be measured, (2) breach of that standard by the doctor, and (3) injury proximately caused by the doctor's negligence." Chadwick v. Nielsen, 763 P.2d 817, 821 (Utah Ct. App. 1988). In order to prove the medical standard of care and breach of that standard, a party is required to present expert medical testimony. *See* Dalley v. Utah Valley Regional Medical Center, 791 P.2d 193, 195-96 (Utah 1990); Chadwick, 763 at 821. Plaintiff is excused from this requirement only if the propriety of the treatment is "within the common knowledge and experience of the layman." Chadwick, 763 P.2d at 821 (citing Nixdorf v. Hicken, 612 P.2d 348, 352 (Utah 1980). In the present case, Plaintiff alleges medical negligence arguing that the Defendants violated the applicable medical standard of care. Given the complexity of the issue, this Court finds that the standard of care for making obstetrical management and treatment decisions is not within the common knowledge and experience of a layman, and therefore Plaintiff must support her claim with expert testimony.[4] Plaintiff, however, fails to do so.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), a party must disclose the identity of each expert witness retained to testify at trial and provide a report setting forth

---

[4]In her complaint, Plaintiff alleges that the healthcare providers violated the applicable medical standard of care by: improperly assessing and managing a fetus who was large for gestational age, incorrectly deciding whether to deliver vaginally or by caesarean section and inappropriately managing a shoulder dystocia during delivery (Document Number 3-2 ¶¶ 12-13).

each expert's opinions.  Under the Court's second amended Scheduling Order, Plaintiff's expert identifications were due by October 31, 2012 and Plaintiff's expert reports were due by November 30, 2012 (Document Number 50).  Shortly after the October 31, 2012 deadline, Plaintiff identified four medical expert witnesses on the issues of standard of care, breach and causation.  However, the November 30, 2012, deadline, by which Plaintiff was to produce her expert reports, passed and Plaintiff neither provided any reports from the identified medical expert witnesses, nor moved to extend the deadline by which she was required to do so.

This Court is required to exclude evidence from trial that violates Rule 26(a) unless the violation was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In determining whether Plaintiff's failure to produce expert reports was substantially justified or harmless, "the court should consider the following factors:  '(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"  Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).  Plaintiff bears the burden of establishing that her failure to produce expert reports is substantially justified or harmless.  See Entek GRB LLC v. Stull Ranches, LLC, 2012 WL 2863201, *2 (D. Colo. July 10, 2012) (citation omitted); The Quapaw Tribe of Oklahoma, et al. v. Blue Tee Corp., 2010 WL 3909204, *6 (N.D. Okla. Sept. 29, 2010) (citing R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262, 2372 (6th Cir., 2010)).  Here, Plaintiff fails to meet her burden of establishing a substantial justification or absence of harm since Plaintiff does not oppose Defendants' Motion for Summary Judgment and has informed Defendants' counsel that she does not intend to do so (Document Number 62).

In the absence of expert testimony at trial on the issues of standard of care, breach and causation, Plaintiff cannot establish the essential elements of her claim for medical negligence and Defendants are entitled to summary judgment.  A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Here, there is no dispute that Plaintiff has failed to produce medical expert reports that are required to establish Plaintiff's burden of demonstrating the medical standard of care, breach and causation.

For these reasons, the Court concludes that Plaintiff cannot carry her burden at trial and Defendants' Joint Motion for Summary Judgment is hereby GRANTED.

DATED this 27th day of March, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge